UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

The Honorable DR. RENA' E. STARKS, Advocate,

Plaintiff,

v.

STATE OF NEVADA ATTORNEY GENERAL, et al.,

Defendants.

2:11-CV-933 JCM (LRL)

**ORDER**

Presently before the court is plaintiff's motion for temporary restraining order. (Doc. #2). Plaintiff has also submitted "evidence in support" of the motion. (Doc. #3).

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

The court finds that plaintiff has not met the burden in this case. Plaintiff requests the following relief:

**James C. Mahan**
**U.S. District Judge**

> That Defendants(s) (sic) . . . are all hereby RESTRAINED and ENJOINED from in any manner, either directly or indirectly, to cause homelessness, imprisonment, fines, costs, evictions, ejections, either directly or indirectly, by takeover or attempting to take over, selling or attempting to sell or transfer, to convey or otherwise dispose of in any manner the property seized listed or not, of the owners and Plaintiffs in this petition as ORDERED, within, and as described above, all situated in Clark County, State of Nevada, whether by any Court Actions and Means, no foreclosure sale, disposal of, or otherwise alleged actions, provided that the Defendants do give security in the sum of $20million dollars for payments, costs, and damages, defamation, lies, and perjury seeking to be proven as found, and as may be incurred by Plaintiffs for any Defendants wrongful actions to lead to homelessness, loss of life, or sickness.

(Doc. #2). Not only is the relief requested convoluted and unintelligible, but plaintiff has also failed to allege a single claim in the motion for temporary restraining order upon which the court may base a finding that plaintiff has demonstrated a likelihood of success on the merits.

Examination of the complaint is similarly unhelpful, as the document fails to meet the pleading standard under Federal Rule of Civil Procedure 8. To comply with Rule 8, a complaint must clearly and concisely state which defendants are liable for which wrongs based on which facts. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir.1996). Moreover, the complaint should not contain irrelevant or only slightly relevant material. *Id.* It is the plaintiffs' duty to ensure the complaint is coherent, logical, and well-organized. *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1127 (9th Cir. 2008).

Here, the complaint and its three attachments total 95 pages (doc. #1) and allege thirty causes of action (doc. #1 at 21–24), most of which are not even cognizable claims for relief.[1] Moreover, plaintiff's claims arise from an alleged government invasion of plaintiff's home for seizure of marijuana, which was purportedly in plaintiff's possession for medicinal purposes. Whereas this seizure has already occurred, the court is unable to discern any irreparable injury to the plaintiff that would occur in the absence of the temporary restraining order.

---

[1] The court notes the following non-exclusive examples: count 2: extreme bullying, count 5: extreme humiliation, count 8: extreme and forceful takedown, count 12: extreme waste in office, count 16: extreme allowance of concessions made to enslavement, count 20: extreme collaboration to torte, and count 28: extreme subsequent of the law.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for temporary restraining order (doc. #2) be, and the same hereby is, DENIED.

DATED June 13, 2011.

_____
**UNITED STATES DISTRICT JUDGE**