# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RENA' E. STARKS, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) 2:11-cv-00933-JCM-LRL<br>) |
| | ) **O R D E R and RECOMMENDATION** |
| CATHERINE CORTEZ-MASTO, et. al., | )<br>) |
| Defendants. | )<br>) |

Plaintiff has submitted an Application to Proceed *In Forma Pauperis* and a Complaint (#1). The court finds that plaintiff is unable to prepay the filing fee. However, for the reasons set forth below, the court recommends that the Complaint be dismissed with prejudice as irrational and frivolous.

**I.** *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, plaintiff's request to proceed *in forma pauperis* will be granted pursuant to § 1915(a).

**II.     Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### III. Instant Complaint

Plaintiff has filed a twenty-nine page complaint, attached to which are approximately 160 pages of material, including letters from attorneys, criminal complaints, and a search warrant, among other things. Plaintiff's typed statement, though styled as a Complaint, is incomprehensible as such. Plaintiff complains, alternately, about a criminal investigation related to medical marijuana, difficulties with past legal representation, the Mortgage Lending Division Commissioner's office, as well as Nevada Attorney General, Catherine Cortez-Masto, among other things.

Her section titled Complaint Explanation states, "A brief explanation discrimination without cause, tort without explanation, enslavement, and extreme humiliation, for no reason except for the proof of racist like attitudes and use the entitlement to be classified as White in America and to use that to mislead and break discrimination and tort, laws established to act as if no laws exist, is and to use ones' office to personify this is unconstitutional and unAmerican." Complaint at 26-27. Another section, Statement of Issues Presented for Review, states "The NVAG will have a pool of money to entice and to be persuasive that Plaintiffs Advocate, is alleging is/has/and will be offered to be used inappropriately for this take down. Alleging this money is from an EXEMPT ARBITRATION AGREEMENT, that the NVAG who stole the Advocate/Owner education of Homekeepers Mortgage Broker Training School and Lender Service Agreements to do business is being is the education that

NVAG Cortez is using at NVAG discretion and against the Lender to take Bank of America in and out of Court for funding, as NVAG sees fit or need to do so." Complaint at 16.  Such statements are typical and representative of the entirety of the complaint.   The court finds plaintiff's Complaint to be irrational and frivolous, and will therefore recommend that it be dismissed.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security.  This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint.

IT IS ALSO RECOMMENDED that the Complaint be dismissed with prejudice as irrational and frivolous.

DATED this 24th day of June, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**